IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MID-AMERICA CARPENTERS REGIONAL COUNCIL PENSION FUND, MID-AMERICA CARPENTERS REGIONAL COUNCIL HEALTH FUND, MID-AMERICA CARPENTERS REGIONAL COUNCIL SUPPLEMENTAL RETIREMENT FUND AND MID-AMERICA CARPENTERS REGIONAL COUNCIL APPRENTICE AND TRAINEE PROGRAM | ) ) ) ) ) ) ) ) ) | |
| | ) | CIVIL ACTION |
| Plaintiffs, | ) ) | Case No. |
| v. | ) ) ) | |
| PHOENIX CCI LLC | ) ) | |
| Defendant. | ) | |

## ANSWER

Now comes Defendant, Phoenix CCI LLC, by and through its attorneys, Allocco, Miller & Cahill, P.C., and answers the Plaintiffs' Complaint as follows:

1. This action arises under Section 502 of the Employee Retirement Income Security Act and Section 301 of the Taft-Hartley Act. (29 U.S.C. §§1132 and 185). Jurisdiction is founded on the existence of questions arising thereunder.

**ANSWER:** Defendant admits the allegations in Paragraph 1.

2. The Mid-America Carpenters Regional Council Pension Fund, the Mid-America Carpenters Regional Council Health Fund, the Mid-America Carpenters Regional Council Supplemental Retirement Fund and the Mid-America Carpenters Regional Council Apprentice and Trainee Program (collectively "Trust Funds") receive contributions from numerous employers pursuant to Collective Bargaining Agreements

between the employers and the Mid-America Carpenters Regional Council, ("Union"), and therefore, are multiemployer plans. (29 U.S.C. §1002). The Trust Funds are administered at 12 East Erie, Chicago, Illinois and venue is proper in the Northern District of Illinois.

**ANSWER:** Defendant admits the allegations in Paragraph 2.

3. Phoenix CCI LLC is an employer engaged in an industry affecting commerce that entered into a Collective Bargaining Agreement whose terms require Defendant to pay benefit contributions to the Trust Funds.

**ANSWER:** Defendant admits the allegations in Paragraph 3.

4. The Collective Bargaining Agreement also binds Phoenix CCI LLC to the provisions of the Agreement and Declarations of Trust that created the Trust Funds ("Trust Agreements").

**ANSWER:** Defendant admits the allegations in Paragraph 4.

5. Phoenix CCI LLC is required to make contributions to the Trust Funds for each hour worked by its carpenter employees at the rate and in the manner specified in the Collective Bargaining Agreements and Trust Agreements. In addition, Phoenix CCI LLC is required to make contributions to the Trust Funds measured by the hours worked by carpentry subcontractors that are not signatory to a Collective Bargaining Agreement with the Union.

**ANSWER:** Defendant admits the allegations in Paragraph 5.

6. Pursuant to the provisions of the Trust Agreements and the Collective Bargaining Agreements, Phoenix CCI LLC is required to provide access to the records necessary for the Trust Funds to determine whether there has been compliance with the obligation to contribute to the Trust Funds.

**ANSWER:** Defendant admits the allegations in Paragraph 6.

7. Phoenix CCI LLC breached the provisions of the Collective Bargaining Agreement by failing to provide access to the records necessary for the Trust Funds to determine whether Phoenix CCI LLC made the proper hourly benefit contributions for the period of October 1, 2023 through the present.

**ANSWER:** Defendant denies the allegations in Paragraph 7.

8. Plaintiffs have been required to employ the undersigned attorney to compel the production of the documents necessary to determine whether Phoenix CCI LLC made the proper hourly benefit contributions.

**ANSWER:** Defendant denies the allegations in Paragraph 8.

9. Phoenix CCI LLC is obligated to pay the attorney and auditor fees and court costs incurred by the Plaintiffs pursuant to the Collective Bargaining Agreements, the Trust Agreements and 29 U.S.C. §1132(g)(2)(D).

**ANSWER:** Defendant denies the allegations in Paragraph 9.

10. According to the Collective Bargaining Agreement, the Trust Agreements and 29 U.S.C. §1132(g), Phoenix CCI LLC is obligated to pay any benefit contributions owed to the Trust Funds, as well as liquidated damages and interest.

**ANSWER:** Defendant admits the allegations in Paragraph 10.

11. Pursuant to 29 U.S.C. §1132(g)(2), Plaintiffs are entitled to an amount equal to the greater of (a) double interest; or (b) interest plus liquidated damages.

**ANSWER:** Defendant admits the allegations in Paragraph 11.

Dated: January 7, 2026

                                                                                                   Respectfully submitted,

                                                                                                   **PHOENIX CCI LLC**

                                                                                                   By: _/s/ Todd A. Miller_
                                                                                                   One of the Attorneys for the Defendant

Attorneys for the Defendant:
Todd A. Miller _(tam@alloccomiller.com)_
Kathleen M. Cahill _(kmc@alloccomiller.com)_
Allocco, Miller & Cahill, P.C.
20 N. Wacker Drive, Suite 3517
Chicago, IL 60606
Ph: (312) 675-4325
Fx: (312) 675-4326

**CERTIFICATE OF SERVICE**

The undersigned, an attorney of record, hereby certifies that he electronically filed the attached, *Defendant's Answer to Plaintiffs' Complaint*, with the Clerk of the Court using the CM/ECF system on this 7th day of January 2026, which will send notice of such filings to the following:

Attorneys for the Plaintiffs:

Travis J. Ketterman (*tketterman@mkrlaborlaw.com*)
McGann Ketterman Rioux
111 E. Wacker Drive, Suite 2300
Chicago, IL 60601
Ph: (312) 251-9700

      /s/    Todd A. Miller

Attorneys for the Defendant:

Todd A. Miller *(tam@alloccomiller.com)*
Kathleen M. Cahill *(kmc@alloccomiller.com)*
Allocco, Miller & Cahill, P.C.
20 N. Wacker Drive, Suite 3517
Chicago, IL 60606
Ph: (312) 675-4325
Fx: (312) 675-4326